U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>   Ronald L. Ravkin | Bankruptcy No.: 13-13306<br><br>Chapter 13 |
| Ronald L. Ravkin<br>  1235 Knorr Street<br>  Philadelphia, PA 19111<br>                   Plaintiff<br>      v.<br><br>Chase Bank, NA<br>  c/o CT Corporation System<br>  Suite 320<br>  Harrisburg, PA 17101<br><br>                   Defendant | <br><br><br><br><br><br><br><br><br><br>AP No. |

## COMPLAINT TO DETERMINE VALIDITY OF LIEN HELD BY CHASE BANK, NA.

### I.   Introduction

1.     The instant complaint is filed by the Debtor-Plaintiff (hereinafter referred to as "Plaintiff") Ronald R. Ravkin pursuant to Bankruptcy Rule 7001 to determine the extent and validity of any lien asserted by Defendant, Chase Bank, NA (hereinafter referred to as "Defendant") and pursuant to 11 U.S.C. § 506 to determine the extent to which Defendant pursuant to a second mortgage on the property more fully described below may file a secured claim and the extent to which it is an unsecured claim; to declare that any such claim that may be filed by the Defendant pursuant to the aforesaid mortgage is unsecured, per 11 U.S.C. § 506, and praying that the Honorable Court enter an order, directing the Defendant to void and/or vacate the second mortgage held by the Defendant upon the property of the Plaintiffs, and to have such voidance or vacation recorded with the Recorder of Deeds of Philadelphia County, Pennsylvania as such or as a satisfaction of mortgage.

## II. Jurisdiction

2. Debtor-Plaintiff, Ronald Ravkin, by and through his counsel, Brad J. Sadek of Sadek Law Offices, LLC filed the present Chapter 13 case on April 15, 2013. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceedings pursuant to 28 U.S.C. §157.

## III. Parties

3. The Plaintiff is Ronald L. Ravkin, a natural person, who resides at 1235 Knorr Street, Philadelphia, PA 19111.

4. The Defendant is Chase Bank, N.A., having a primary office to conduct business at 270 Park Avenue, 38th Floor, New York, NY 10017 and has a registered agent known as and located at CT Corporations System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

5. The Trustee is William C. Miller, Standing Chapter 13 Trustee for the United States Bankruptcy Court for the Eastern District of Pennsylvania, and Trustee in the Plaintiff-Debtor's Chapter 13 case.

## IV. Allegations of Fact

6. The Plaintiff incurred the first mortgage on the property known as and located at 1235 Knorr Street, Philadelphia, PA 19111 (hereinafter referred to as "the property") in or about March, 2005 and is held by Greentree Mortgage Corporation and serviced by Pennymac Loan Services, LLC.

7. The second mortgage on the property was granted in favor of Chase Bank, NA in or about October, 2006.

8. As of July 26, 2013, the first mortgage serviced by Pennymac Loan Services, LLC had a current balance due and owing in the amount of $153,909.15 in accordance with Proof of Claim numbered 3-1 filed in the Plaintiff/Debtor's Bankruptcy Case. See **Exhibit "A."**

9. As of the date of filing the instant Adversary Proceeding, Chase Bank, NA has failed to file a Proof of Claim in the Plaintiff/Debtor's Bankruptcy Case.

10. In accordance with Schedule "A" of the Debtor's Bankruptcy, the Valuation Estimate of the property is $140,802.00.

11. Plaintiff believes, and therefore avers, that the property is worth less than the payoff amount of the first mortgage on the premises.

12. Therefore the second mortgage held by the Defendant is now wholly unsecured.

13. Pursuant to 11 U.S.C. § 506, Plaintiff believes that the debt or obligation owed by the Plaintiffs to the Defendant by virtue of the aforementioned second mortgage upon Debtor's real property should be reclassified by your Honorable Court as completely unsecured and any lien held by the Defendant against the property in question should be declared null and void.

WHEREFORE, Plaintiff, by and through his counsel Brad J. Sadek, Esquire of Sadek Law Offices, LLC prays that this Court enter a verdict in favor of the Plaintiff and against Defendant, reclassifying any claim filed by the Defendant based upon the aforementioned second mortgage upon the premises, from secured to unsecured, striking

or otherwise modifying any such Proof of Claim that is filed by the Defendant to show that the debt in question is wholly unsecured; and

ORDERING the Defendant to void or otherwise vacate the second mortgage on the premises of 1235 Knorr Street, Philadelphia, PA and have such voidance or vacation recorded with the Recorder of Deeds of Philadelphia County, Pennsylvania or in the alternative, mark said mortgage as "satisfied" on the records of the Recorder of Deeds within thirty (30) days of the entry of the Order of your Honorable Court, and to deliver same to counsel for Plaintiff, at no cost or charge for such cancellation and/or delivery; and

Granting such relief as the Court may determine to be proper and just.

                Respectfully submitted,
                Sadek Law Offices, LLC

      By:   /s/ Brad J. Sadek, Esquire
                Brad J. Sadek, Esquire
                Attorney I.D. No. 90488
                1315 Walnut Street, #302
                Philadelphia, PA 19107
                T: 215-545-0008

Date: September 23, 2013